UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 24-29-DLB-CJS-1

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                            **MEMORANDUM ORDER**

GERMEL HUGHES                                                                             DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

## I.     INTRODUCTION

This matter is before the Court upon the United States' Notice of Intent to Introduce other Criminal Activities pursuant to Federal Rule of Evidence 404(b)/Motion in Limine (Doc. # 48). Defendant having filed his Response (Doc. # 49), and the United States having filed its Reply (Doc. # 51) the evidentiary issues raised in the United States' Motion (Doc. # 48) are ripe for review.

Here, Defendant Hughes is charged in a two (2) count Indictment. More specifically, Count 1 of the Indictment charges Hughes, along with co-defendants Cole and Young, with conspiring to distribute and possess with intent to distribute controlled substances, including 100 grams or more of a mixture or substance containing a detectable amount of a fentanyl analogue. Count 2 charges Hughes, Cole and Young with aiding and abetting the possession with the intent to distribute a mixture or substance containing a detectable amount of a fentanyl analogue. (Doc. # 1). According to the United States' filings, both counts involve Hughes and others' role in a January 3, 2024

1

sting whereby an informant had arranged to purchase one kilogram of fentanyl from the group.

In the United States Notice/Motion in Limine (Doc. # 48), the United States seeks a pretrial ruling on the admissibility of several categories of evidence at trial: (1) evidence and testimony from the confidential informant (CI) detailing his relationship with Hughes; (2) Defendant Hughes's prior felony drug convictions in Ohio state court in 2016 and federal court (SD-OH) in 2018; (3) text messages that allegedly are indicative of drug trafficking; (4) evidence of alleged drug trafficking after the charged date of the conspiracy; and (5) jailhouse phone calls between Hughes an d co-defendant Cole. The Court will address the admissibility of each category in turn.

## II.     ANALYSIS

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, an exception to Rule 404(b) evidence exists for "intrinsic" evidence, also referred to as "background" or "*res gestae*" evidence. *United States v. Wilson*, 837 F. App'x 396, 399 (6th Cir. 2020) (*citing United States v. Sumlin*, 956 F.3d 879, 889-90 (6th Cir. 2020). To fall within this exception, evidence must "consis[t] of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal, or spatial connection with the charged offense." *Id.*

Such evidence is considered "inextricably intertwined" with the evidence of the charged conduct, making the evidence part of "a single criminal episode," *id.* (quoting *Sumlin*, 956 F.3d at 889), or "part of a continuing pattern of illegal activity," *id.* (quoting *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995)). By contrast, evidence is considered "extrinsic" and subject to exclusion under Rule 404(b) when the conduct "occurred at different times and under different circumstances from the offense charged," *Barnes*, 49 F.3d at 1149, such that there is a lack of "temporal proximity, causal relationship, or spatial connections . . . between the other acts and the charged offense," *United States v. Chalmers*, 554 F. App'x 440, 451 (6th Cir. 2014) (quoting *United States v. Hardy*, 228 F.3d 745, 748-50 (6th Cir. 2000)). Each category of evidence raised in the Notice/Motion will be addressed *seriatim* herein.

### A.    Testimony from the Confidential Informant (CI)

Testimony from the CI is admissible at trial to explain how he knows the Defendant and the nature of their relationship. This is not 404(b) evidence. In its Notice, the United States indicates that it anticipates the confidential informant to testify Hughes previously supplied him with drugs, including on the day of the January 3 sting, as well explain the relationship between Hughes and co-defendant Cole. According to the Government, the CI has knowledge that Cole was Hughes's right-hand man, and that Hughes would sometimes involve Cole in drug transactions. This testimony is not 404(b) evidence. Rather, it qualifies as intrinsic and/or background evidence and is, therefore, admissible on that basis. However, this is not an all or nothing proposition in the Court's view. As the Sixth Circuit stated in *Hardy*, background evidence must have a temporal connection to the instant offense. The informant will be permitted to testify about his relationship with

3

Hughes, including prior drug transactions, if any, in relatively close proximity to the charged conspiracy, and his knowledge of Hughes and other's drug trafficking activities.

### B. Hughes's Prior Drug Trafficking Convictions

In its Notice, the United States argues that Hughes's prior drug trafficking convictions are admissible both as "intrinsic to the charged conspiracy" and under FRE 404(b) to establish intent, knowledge and plan. Relying on an unpublished Eleventh Circuit case, *United States v. Munne*, 2024 WL 4003395 (11th Cir. 2024), the government asserts that the fact that Cole and Hughes were co-defendants in the 2016 Ohio drug trafficking case is intrinsic evidence showing why they would agree to commit crimes with one other. The Court rejects this argument for two reasons. First, *Munne* is an unpublished Eleventh Circuit case and is not controlling. Second, admitting evidence under that theory, as opposed to the proffered FRE 404(b) theory, would likely be unduly prejudicial under FRE 403.

The Court's analysis of the admissibility of "other acts" evidence, such as a Defendant's prior drug trafficking convictions, consists of the following three inquiries: (1) whether there is sufficient evidence that the other act in question actually occurred, (2) whether the evidence of the other act is probative of a material issue other than character, and (3) whether the probative value of the evidence is not substantially outweighed by its potential prejudicial effect. *United States v. Bartholomew*, 310 F.3d 912, 921-22 (6th Cir. 2002). As guidance in this assessment, the Sixth Circuit has described Rule 404(b) as "an inclusionary, rather than exclusionary, rule." *United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004). Evidence of other crimes or wrongs may be admissible under Rule

404(b) for certain purposes, including demonstrating intent, plan or knowledge. FRE 404(b)(2).

The Sixth Circuit "has repeatedly recognized that prior drug-distribution evidence is admissible under Rule 404(b) to show intent to distribute." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (internal quotations omitted). Moreover, "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent ...." *Id.* (*quoting United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994)). Nevertheless, in order for such evidence to be sufficiently probative of a defendant's present intent, the other drug distribution evidence must be "'substantially similar and reasonably near in time' to the specific intent offense at issue." *Id.* (*quoting United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)); *see also United States v. Cordero*, 973 F.3d 603, 621 (6th Cir. 2020).

Here, as the Defendant was convicted in both Ohio state Court in 2016 and federal Court in Dayton, Ohio in 2018, there is no dispute that the prior drug trafficking activity occurred. Thus, the first step of the 404(b) analysis is satisfied.

Next, Defendant's prior drug trafficking convictions are probative of his plan, intent and knowledge, which are expressly identified as proper purposes under FRE 404(b)(2). Further, both counts of the indictment are specific intent crimes. Moreover, Defendant's prior drug trafficking conduct is sufficiently probative, as it is substantially similar to the underlying offense. Additionally, the 2019 federal conviction involved fentanyl, the same substance involved here. Defendant was arrested for the federal offense in October, 2018. However, the 2016 Ohio state conviction involved heroin trafficking, and he was arrested on that offense in June, 2015. In its notice, the United States independently

5

argues that because Hughes and Cole were co-defendants in that case, that fact is admissible to prove plan and to help the jury understand the basis for their relationship as co-conspirators.

Upon consideration of Defendant's two convictions, the Court concludes that Defendant's 2019 federal conviction for fentanyl trafficking is substantially similar and reasonably near in time to the specific intent offenses charged in this case. While Defendant argues that conviction and related conduct are too old to be admissible under FRE 404(b), when the Court considers the fact that the offense conduct charged here occurred less than 18 months after his placement on supervised release for the SD-OH, that time frame clearly falls within the limits the Sixth Circuit has approved. *See, e.g.*, *United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007) (finding drug distribution offense four years prior admissible); *United States v. Love*, 254 F. App'x 511, 516 (6th Cir. 2007) (finding conviction for cocaine trafficking from eight years prior probative of intent for later conspiracy to traffic cocaine charge).

However, Defendant's 2016 Ohio state trafficking conviction, and the related 2015 conduct which led to that conviction falls outside the limits the Sixth Circuit has recognized as reasonable pursuant to FRE 404(b). For that reason, the Court will, during the government's case-in-chief[1], exclude any evidence relating to Defendant's Ohio state 2016 drug trafficking conviction.

Finally, the probative value of Defendant's 2019 federal drug trafficking conviction is not substantially outweighed by its potential prejudicial impact, which can be appropriately minimized with a limiting instruction. *See United States v. Johnson*, 27 F.3d

---

[1] If the Defendant testifies at trial, then the Court may consider use of the Ohio drug trafficking for other purposes.

1186, 1194 (6th Cir. 1994); *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996). Accordingly, once such evidence is admitted, the Court will give a limiting instruction that the jury may consider this evidence only on the issue of the Defendant's intent, knowledge and plan to commit the crimes charged in the Indictment and that it may not be considered for any other purpose.

### C. Text messages with co-defendant Cole prior to January 3, 2024

In its Notice, the United States seeks a pretrial ruling on the admissibility of certain text messages which predate the January 3, 2024 sting. Here, Defendant is charged in both a conspiracy count with co-defendants Cole and Young, and an aiding and abetting count with those same individuals. Count 1 alleges the conspiracy occurred "on or about January 3, 2024."

Evidence of text messages between Cole and Hughes in the days or weeks leading up to the January 3, 2024 sting is admissible under either of two rules of evidence. First, such statements would be admissible under the co-conspirator exception to the hearsay rule. *See* FRE 801(d)(2)(E). Second, such statements are also admissible as an admission of a party opponent. *See* FRE 801(d)(2)(A). The fact that the messages predated the sting does not make them inadmissible. To the contrary, it is the rare situation where individuals get together to engage in any sort of criminal activity without discussing it first, often multiple times in advance.

This evidence does not fall within the parameters of FRE 404(b). Such evidence is admissible as intrinsic evidence designed to show whether Defendant Hughes was involved in the charged conspiracy and/or the charged substantive aiding and abetting charge.

### D. Defendant's alleged drug trafficking activity after January 3, 2024

In its Notice, the United States argues that drug trafficking activity which post-dates the January 3, 2024 sting is admissible. According to the government, this alleged drug trafficking activity should be admitted both as intrinsic evidence and as other acts evidence pursuant to FRE 404(b). The Court agrees with the latter basis for admissibility but disagrees with the former.

Unlike the other co-defendants in this case, Defendant Hughes was not immediately arrested after the January 3, 2024 sting. Rather, according to the government, he continued to engage in fentanyl trafficking up until his arrest in May, 2024.[2] The government proffers that such evidence will include the traffic stop of one of his customers, the search of the Main Street residence, as well as drug trafficking messages contained in one of his cell phones. (Doc. # 48 at p. 10).

Where intent and knowledge are admissible for a legitimate purpose under FRE 404(b), the Sixth Circuit has upheld the admission of subsequent acts as other acts evidence under FRE 404(b). *See United States v. Myers*, 123 F.3d 350, 363 (6th Cir.1997) (noting that subsequent acts serving as other acts evidence under Rule 404(b) were relatively close in time to the charged offense so as not to prejudice the defendant); *see also United States v. Thomas*, 92010 WL 323211 (8th Cir. 2010) (holding that subsequent similar acts in the same geographical area occurring 4 years after charged crime was admissible as other acts evidence under Rule 404(b)).

---

[2] In its Notice, the United States indicates that agents involved in the investigation will testify about the events (relating to Hughes' drug trafficking after January 3, 2024) so sufficient evidence will exist that the other acts occurred.

8

Consideration of the *Bartholomew* factors supports the admissibility of Defendant's post-January 3, 2024 activities of drug trafficking. First, the existence of text messages and the seizure of drugs and/or drug paraphernalia from the Main Street residence establish the existence of those other acts by a preponderance of the evidence.[3] Pursuant to FRE 801(d)(2)(A), Defendant's text messages are not hearsay because they are his own statements. *See United States v. Beckman*, 624 F.App'x 909, 913 (6th Cir. 2015) (a defendant's electronic instant messages are not hearsay, but rather, are admissions under Rule 801(d)(2)(A)). Also, the portions of the text messages connected to unidentified parties who messaged with Defendant Hughes are not hearsay as they provide context to Defendant's own admissions. *Id.*; *see also United States v. Henderson*, 626 F. 3d 326, 336–37 (6th Cir. 2010) (characterizing statements made by defendant during recorded telephone conversations as non-hearsay admissions under Rule 801(d)(2)(A) and concluding the admission of statements made by unidentified participants in the phone call were not to show the truth of the matter asserted, but to provide context for defendant's admissions); *United States v. Dunnican*, 961 F3d 859, 873 (6th Cir. 2020) (same).

Second, Defendant's text messages and evidence seized from the Main Street residence are probative of Defendant's intent, knowledge and plan. And lastly, given Defendant's denial of any involvement in the offenses alleged in the Indictment, the probative value of such evidence is not substantially outweighed by its potential

---

[3] Based on the current record, evidence relating to a traffic stop from one of the Defendant's alleged customers has not been established by a preponderance of the evidence. If the United States seeks to use such evidence at trial pursuant to FRE 404(b), it may do an avowal at the February 20, 2025 final pretrial conference.

prejudicial effect. As with the evidence of Defendant's 2019 federal drug trafficking conviction, the Court will give a limiting instruction when the evidence is admitted to advise the jury that they may consider this evidence only on the issue of the Defendant's intent, knowledge and plan to commit the crimes charged in the Indictment and that it may not be considered for any other purpose.

While the Court disagrees with the United States's argument that subsequent acts of drug trafficking by the Defendant in and around the Dayton, Ohio area are intrinsic evidence relating to the conspiracy and aiding and abetting counts alleged in the Indictment, that conduct is admissible pursuant to FRE 404(b) for the reasons stated herein.

### E.   Excerpts of jail calls from co-defendant about Hughes

The final category of evidence the United States to admit at trial are certain excerpts of jail calls from co-defendant Cole about Defendant Hughes. In its Notice (Doc. # 48 at p 13), the government sets forth those excerpts. The United States seeks to admit this evidence to establish that Cole and Hughes had a pre-existing relationship. A review of Defendant's response reflects no position on the admissibility of these excerpts. At this juncture, the Court lacks sufficient information to make a pretrial ruling on the admissibility of such excerpts. Therefore, the Court will defer ruling on the admissibility of this evidence until at least the February 21, 2025 pretrial conference or March 3, 2025 jury trial.

III. **CONCLUSION**

For the reasons stated herein, **IT IS ORDERED THAT** the United States' Motion in Limine (Doc. # 48) is **granted in part, denied in part** and **deferred in part** as set forth herein.

This 14th day of February, 2025.

Signed By:
*David L. Bunning*
Chief United States District Judge